[No. 17607.   Department One.   May 15, 1923.]

## KALISPELL FLOUR MILL COMPANY, *Respondent*, v. P. MARSHALL, *Appellant*.[1]

SALES (29)—CONTRACTS—CONSTRUCTION—SUBJECT-MATTER.  Under a contract for the sale of 1,000 barrels of flour to a baker, to be shipped within 90 days from October 10, specifying "one car October 10, one car November 10, one car December 10," (which was added when the buyer explained that he could only use 250 barrels at one time, in accordance with their previous custom) the seller cannot, after the first two designated shipments, insist on the buyer's receiving and paying for a car of 500 barrels on December 10; especially where an expert testified that a car of flour was generally understood to mean 250 barrels.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered May 12, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court.  Reversed.

*H. G. Kinzel* and *Charles E. Swan*, for appellant.

*Garrecht & Twohy*, for respondent.

MITCHELL, J.—On September 21, 1920, the Kalispell Flour Mill Company, a corporation, of Kalispell, Montana, entered into a written contract at Spokane, Washington, with P. Marshall for the sale to him of one thousand barrels of flour at $11 per barrel, to be delivered in Spokane "all within 90 days from Oct. 10th-20, one car Oct. 10, one car Nov. 10, one car Dec. 10, 1920". One car load of two hundred and fifty barrels was shipped October 10, and another of two hundred and fifty barrels was shipped November 10. Both car loads were received and paid for by Marshall. On December 10, 1920, one car load of five hundred barrels was shipped.  Marshall was unable and unwill-

[1]Reported in 215 Pac. 70.

ing to take more than two hundred and fifty barrels at that time, which being unsatisfactory to the shipper, it was sold by it at the market price of $8 per barrel, after giving Marshall notice, and this suit was brought to recover the sum of $1,500—five hundred barrels of flour at a loss of $3 each. On the trial of the case, there were findings and conclusions for the plaintiff in the full amount sued for, on which judgment was entered, and from which the defendant has appealed.

An examination and consideration of the record satisfies us the judgment is wrong. The appellant was not a dealer in flour, but was engaged in the bakery business. For six years he had been buying flour from the respondent and had never received more than two hundred and fifty barrels of flour in any car load shipment, other than a short time during governmental regulations caused by the war. At the time the written contract here in question was to be signed by both parties, the provision as to time of shipment contained simply the words "all within 90 days from Oct. 10th-20". The testimony very clearly shows that the appellant insisted that he wanted only two hundred and fifty barrels in each shipment per month, that that was all he could use in his business, and that the respondent agreed, and thereupon the words "one car Oct. 10, one car Nov. 10, one car Dec. 10, 1920" were added.

A few days prior to each of the shipments of October 10 and November 10, the local agent inquired of the appellant if he wanted forty-nine or ninety-eight pound sacks of flour in the shipment. No such or other kind of inquiry was made prior to the shipment of five hundred barrels December 10. In the meantime, about the latter part of November, the appellant presented to the respondent a claim on account of damaged flour recently furnished by the respondent, and about the

same time, November 29, by letter, requested the respondent not to send any more flour until he ordered it, that he had enough on hand to last for some time. About December 3, the respondent, by letter to its local agent, the contents of which were made known by the agent to the appellant as directed by the respondent, notified the appellant that his request as to future shipments would be denied except upon condition that he cancel in writing the claim he had made for damages, and that, if that condition were not complied with, the respondent intended to ship five hundred barrels of flour on December 10, and further notifying him that, if the five hundred barrels were refused, it would be sold on the market for his account and claim made against him for the loss, if any. The appellant protested that his contract called for only two hundred and fifty barrels December 10, that he could not pay for five hundred barrels at that time and that he would not take that much. Nevertheless the five hundred barrels were shipped, tendered as a lot about December 10, and declined by the appellant, who again stated he was willing to take two hundred and fifty barrels of the shipment.

Besides the circumstances immediately connected with the making of the contract, the course of dealing between the parties for years prior thereto, and the shipment of two hundred and fifty barrels of flour in each of the cars October 10 and November 10, there was independent evidence of an expert, or one used to such purchases and shipments, to the effect that a car of flour was ordinarily understood to mean about two hundred and fifty barrels; and we are satisfied that it reasonably appears by a fair preponderance of the evidence in this case that respondent's contention that the words ''one car December 10'' in this contract

meant, or was intended by either of the parties to mean, five hundred barrels, or other than two hundred and fifty barrels, is unwarranted. The manager of the respondent corporation testified that the words "within 90 days", standing alone, would give the purchaser the privilege of ninety days within which to take all the flour, so that, if it had been intended the respondent should have the right to ship and compel the taking of five hundred barrels on December 10, the words "within 90 days" were useless and should have been left out of the contract entirely.

To give effect to all the language requires us to adopt the appellant's contention, which, as already stated, the testimony shows was the intention of the parties by the use of the words of the contract.

Reversed, with directions to dismiss the action, with costs against the respondent.

MAIN, C. J., MACKINTOSH, HOLCOMB, and BRIDGES, JJ., concur.